UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22 CR 481 RWS ) |
| ROLAND HILL, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter is before me on Defendant Roland Hill's pro se motion for a sentence reduction [120] pursuant to United States Sentencing Guidelines Amendment 821. Hill is currently incarcerated at FCI Marion in Marion, IL, with a projected release date of March 20, 2029. The United States Attorney opposes the motion. ECF. No. 125. For the reasons set forth below, I will deny Hill's motion.

### BACKGROUND

On July 7, 2023, Hill pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The Presentence Investigation Report ("PSR") identified his prior criminal convictions. Based on his prior convictions, Hill had 6

1

criminal history points.  ECF. No. 104 at 12.  Two points were added for committing the instant offense while under another criminal justice sentence, resulting in a total of 8 criminal history points.[1]  *Id.* at 13.  As a result of having 8 criminal history points, Hill's criminal history category was a IV.  *Id.*  His total offense level was determined to be 23.  ECF. No. 118 at 1.  With a criminal history category of IV and a total offense level of 23, Hill's guidelines range was 70-87 months.

On October 5, 2023, I sentenced Hill to 89 months of imprisonment pursuant to the parties' *joint* recommendation of 89 to 102 months.  ECF. Nos. 117 at 2, 118 at 3.  I also followed the parties' joint recommendation that Hill's 15 month term of imprisonment for the revocation of his supervised release in Case No. 4:19CR-00213-1 be served concurrently with the sentence imposed in this case.  ECF. No. 117 at 2.  Upon his release, Hill will be on supervised release for a term of 3 years.  *Id.* at 3.

On August 22, 2024, Hill filed a pro se motion for a sentence reduction.  Hill's motion seeks a reduced sentence under Amendment 821 of the U.S.S.G.  ECF. No. 120.  On October 23, 2025, the United States Attorney filed a response in opposition to Hill's motion.  ECF. No. 125.

---

[1] At the time Hill committed the instant offense, he was on supervised released for Docket No. 4:19CR-00213-1 RWS.

2

## DISCUSSION

A court may modify a previously imposed term of imprisonment if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2). A defendant bears the burden of proving he is eligible for a downward adjustment under the Sentencing Guidelines. *United States v. Beridon*, 43 F.4th 882, 885 (8th Cir. 2022).

In Amendment 821, the Commission amended two sections of the Guidelines and specified that these amendments should be applied retroactively. U.S.S.G. § 1B1.10(a)(2), (d). The first change limits the impact of § 4A1.1 "status points," which are criminal-history points added when the defendant committed the instant offense while under another criminal justice sentence. U.S.S.G. § 1B1.10 cmt. 7. Amendment 821 also amended § 4C.1.1 by "provid[ing] a decrease of two levels from the [otherwise applicable total] offense level" for defendants with zero criminal history points who meet other criteria. U.S.S.G. § 1B1.10 cmt. 7.

Hill received 2 additional status points under § 4A1.1(d) in his criminal history calculation for committing the instant offense while under another criminal justice sentence. ECF. No. 104 at 13. Under the terms of Amendment 821, § 4A1.1(d) has been amended and now defendants receive no additional "status points" if the defendant's criminal history subtotal is calculated to be 6 or less and the defendant committed the instant offense while under any criminal justice

3

sentence.

To be eligible for a sentence reduction, the elimination of criminal history status points must lower the defendant's applicable guidelines range. U.S.S.G. § 1B1.10(a)(2). Here, Hill is eligible for a sentence reduction. Eliminating the 2 status points he received would lower his criminal history score from 8 to 6 and his criminal history category from IV to III. As a result, the applicable guidelines range for a total offense level of 23 and a criminal history category of III is 57-71 months, which is lower than the range of 70-87 months that Hill was originally sentenced under. The United States Attorney does not dispute Hill's eligibility for a sentence reduction. ECF. No. 125 at 5. However, I must also consider the 18 U.S.C. § 3553(a) factors in determining whether Hill is entitled to a reduced sentence. *See United States v. Thompson*, 641 F. App'x 641, 649 (8th Cir. 2016). The United States Attorney argues that a sentence reduction is not warranted under the § 3553(a) factors. ECF. No. 125 at 5. Even though Hill is eligible for a sentence reduction, I find that the § 3553(a) factors weigh against reducing his sentence.

First, I sentenced Hill to 89 months of imprisonment because I found the parties' joint recommendation of 89-102 months to be reasonable. Hill and the United States Attorney agreed to jointly recommend a sentencing range that was above the applicable guidelines range. As the United States Attorney points out,

4

Hill received benefits as a result of the joint recommendation. In exchange for Hill's plea, the United States Attorney dismissed a Section 924(c) count. Had Hill been convicted of the Section 924(c) count, he would have been subject to an additional statutory minimum sentence of 5 years of imprisonment. ECF. No. 104 at 17. Moreover, as part of the joint sentencing recommendation, Hill and the United States Attorney agreed to recommend that Hill's 15 month term of incarceration on his supervised release revocation be served concurrently rather than consecutively (as recommended by the Guidelines). I will not now disturb the finality of the parties' negotiated agreement by reducing Hill's sentence. *See, e.g.*, *United States v. Breast*, No. 3:13-CR-30071-RAL, 2024 WL 5252487, at *3 (D.S.D. Dec. 31, 2024) (denying a sentence reduction because "the agreed upon 180-month sentence was a 'benefit of the bargain' whereby the Government agreed to dismiss 'other more serious charges'"); *United States v. Curry*, No. 1.05CR28 CDP, 2009 WL 10704358, at *1 (E.D. Mo. Jan. 27, 2009) (denying a sentence reduction in part "because the sentence was the result of negotiations between [the defendant] and the government.").

    Second, at the time of sentencing on October 5, 2023, Amendment 821 had already been adopted by the Sentencing Commission and was determined to apply

5

retroactively.[2] Although Amendment 821 did not become effective until November 1, 2023, the potential impact of the amendment on Hill's sentence was recognized and noted in the PSR.  ECF. No. 104 at 19.  I reviewed the PSR before sentencing, and I determined that a minimal upward variance from the applicable guidelines range was reasonable in light of the parties' joint recommendation and the § 3553(a) factors.[3]

Third, the seriousness and circumstances of Hill's offense weigh against granting relief.  The § 3553(a) factors include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant" and "(2) the need for the sentence imposed."  Hill committed the instant offense, possession with intent to distribute methamphetamine, while on federal supervised release for possession with intent to distribute fentanyl.  ECF. No. 104 at 11, 19.  Hill's criminal history involving drugs and firearms in this district demonstrates the need for the sentence imposed to "reflect the seriousness of the offense" and "promote respect for the law."  § 3553(a)(2)(A).  Further, Hill has not offered any evidence of his rehabilitation while incarcerated.  Therefore, I find that the § 3553(a) factors

---

[2] *See* U.S. Sentencing Comm'n, *2023 Amendments in Brief*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_821.pdf
[3] Hill further argues that he should be given a reduced sentence because he received one criminal history point for possession of marijuana under Docket Number N201800298-4 and two criminal history points under Docket Number 20SL-CR00826-01 for conduct that resulted in his first criminal conviction under Docket Number 4:19CR00213-1 RWS.  ECF. No. 120 at 3.  Absent these three points and the two "status" points, Hill's criminal history category would have been II, resulting in a guidelines range of 51-63 months of imprisonment.  *Id*.  This was also recognized and noted in the PSR, which I reviewed prior to determining Hill's sentence.  ECF. No. 104 at 19-20.

do not favor relief.

Because I was aware of the potential impact of Amendment 821 at the time of sentencing, I sentenced Hill based on a finding that the parties' joint recommendation was reasonable, and the § 3553(a) factors weigh against a sentence reduction, I will deny Hill's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Roland Hill's pro se motion for a sentence reduction [120] is **DENIED**.

                                               RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2025.